**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRANDY MCKAY** | **CIVIL ACTION NO: 21-CV-2304** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **LAMAR DAVIS, ET AL.** | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

**ORDER AND REASONS**

Before the Court is a "Motion to Dismiss Plaintiff's First Amended Complaint with Jury Demand" filed by Defendants Lamar Davis, Heath Guillotte, Brad Cook, Craig Rhodes, Chad Lacoste, Heath Miller, Rohn Bordelon, Justin Rice, and David Lacroix ("Defendants"). R. Doc. 34. Plaintiff Brandy McKay, individually and on behalf of her minor child, P.M.,[1] opposes the motion. R. Doc. 38. For the reasons assigned below, Defendant's motion is granted as to Plaintiff's claims against Cook and Lacoste; denied as to Plaintiff's claims against Bordelon and Lacroix; and denied as moot as to Plaintiff's claims against Davis, Guillotte, Rhodes, Miller, and Rice.

**BACKGROUND**

In December 2020, the Louisiana State Police ("LSP") Narcotics Division began an investigation into allegations that LSP Senior Trooper August McKay ("McKay") was using fraudulent prescriptions to obtain controlled substances from a pharmacy. R. Doc. 30 at 2. The investigation was assigned to LSP Sergeant Justin Rice ("Rice"), who worked under the supervision of Captains Heath Guillotte ("Guillotte") and Brad Cook ("Cook"), as well as Lieutenants Craig Rhodes ("Rhodes") and Chad Lacoste ("Lacoste"). *Id.* Sergeants Heath Miller

---

[1] The Court uses the minor child's initials to protect the child's privacy.

("Miller"), Rohn Bordelon ("Bordelon"), and Trooper David Lacroix ("Lacroix") also assisted with the investigation. *Id.*

On December 29, 2020, Rice applied for and obtained a search warrant from a judge in the 22nd Judicial District Court to search McKay's residence for evidence of the criminal conduct being investigated. *Id.* Plaintiff alleges Defendants met on December 29, 2020, to discuss the execution of the search warrant on McKay's residence. *Id.* at 3. Plaintiff also alleges Bordelon and Lacroix were tasked with securing the McKay home to allow the "remaining detectives to come behind them and execute the search warrant." *Id.* at 3-4. Plaintiff claims Bordelon and Lacroix explicitly discussed concerns that McKay "might arm himself and attempt to commit 'suicide by cop'" on the morning of the planned search, and discussed several scenarios because "they were not sure about McKay's state of mind" due to recent hospitalizations. *Id.* at 4.

The same day, Bordelon and Lacroix met at the McKay home to execute the search warrant. *Id.* Shortly after they arrived, McKay returned home, and Bordelon and Lacroix followed McKay inside. *Id.* at 5. At some point, McKay made his way to the master bedroom closet where he kept two pistols, which Lacroix seized over McKay's objections. *Id.* Thereafter, Bordelon and Plaintiff entered the bedroom and Plaintiff asked what was happening. *Id.* at 6. While Plaintiff spoke with Bordelon and Lacroix, McKay walked back into the closet where he accessed and loaded his LSP department-issued firearm. *Id.* Lacroix said to McKay, "Gus, no, what are you doing?", and Bordelon told Lacroix to "back out." *Id.* Plaintiff alleges Bordelon and Lacroix left the McKay home at that point, and Plaintiff ran into the closet and tried to take the firearm from McKay. *Id.* Plaintiff alleges she "briefly let go of the weapon at which time McKay fatally shot himself." *Id.*

On December 15, 2021, Plaintiff filed suit against Defendants in this Court, raising Fourteenth Amendment and state law negligence claims, among others. R. Doc. 1. Defendants

filed a motion to dismiss all claims against all Defendants, and on September 14, 2022, Chief Judge Brown issued an Order and Reasons, denying without prejudice, Defendants' motion to dismiss Plaintiff's Fourteenth Amendment and negligence claims against all Defendants.[2] R. Doc. 23. In her Order and Reasons, the Chief Judge noted the lack of factual allegations in Plaintiff's Complaint, finding Plaintiff failed to "allege[] any facts to show deliberate indifference" and that Plaintiff's many "conclusory allegation[s]" and "threadbare recital of Louisiana Civil Code articles" were insufficient to state a claim. *Id.* at 27. Chief Judge Brown granted Plaintiff leave to amend, among others, her Fourteenth Amendment and state negligence claims, and on October 18, 2022, Plaintiff filed her Amended Complaint. Id. at 33 and R. Doc. 30. Defendants filed the instant motion to dismiss on November 29, 2022, urging the Court to dismiss Plaintiff's Amended Complaint in its entirety. R. Doc. 34.

## LEGAL STANDARD

### *A. Motion to Dismiss for Failure to State a Claim*

The Federal Rules of Civil Procedure allow dismissal of a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To state a claim, the pleading must contain a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While the pleading need not assert detailed factual allegations, it must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). A claim is plausible on its face "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663, 678, 129 S. Ct. 1937 (2009). Although legal conclusions may be asserted, "they must be supported by factual allegations" to gain the assumption of truth. *Id.* at 664, 129 S. Ct.

[2] This matter was originally assigned to Chief Judge Brown, and was subsequently transferred to Section P of this Court on June 9, 2023. R. Doc. 49.

1937. A well-pleaded complaint may proceed even if it strikes the Court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly*, 550 U.S. at 127 S. Ct. 1955. Even so, the Court may dismiss a complaint "if it clearly lacks merit—for example, where there is an absence of law to support a claim of the sort made." *Thurman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (citations and internal quotation omitted). In considering a motion to dismiss, the Court is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank, PLC,* 594 F.3d 383, 387 (5th Cir. 2010).

*B. Qualified Immunity*

To plead a Section 1983 claim, as Plaintiff does here, the moving party must allege facts demonstrating (1) the defendant violated the Constitution or federal law; and (2) the defendant was acting under the color of state law while doing so. *See West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988) (internal citations omitted). Related to a Section 1983 claim is the doctrine of qualified immunity, which protects government officials sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982) (internal quotations omitted). Once a defendant invokes the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability. *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (internal citation omitted).

To determine whether a defendant is entitled to qualified immunity, courts employ a two-step framework. *Saucier v. Katz*, 533 U.S. 194, 201, 129 S. Ct. 2151 (internal citation omitted). The first part of this analysis requires the court to ask whether, "[t]aken in the light most favorable

to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 201, 129 S. Ct. at 2151. And the second part requires the court to ask whether the right alleged violated is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. "If the defendant's actions violated a clearly established constitutional right, the court then asks whether qualified immunity is still appropriate because the defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed action.'" *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (quoting *Collins v. Ainsworth*, 383 F.3d 539, 537 (5th Cir. 2004)).

In the context of a motion to dismiss, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (internal citation omitted). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id.* at 645. After the district court determines the plaintiff's pleadings meet this requirement, "if the court remains 'unable to rule on the immunity defense without further clarification of the fact,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claims.'" *Id.* (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

**ANALYSIS**

Defendants urge the Court to dismiss all claims against Davis, Guillotte, Cooke, Rhodes, Lacoste, Miller, and Rice on the grounds that Plaintiff fails to allege any specific actions on behalf of these Defendants. Defendants then argue Plaintiff's Section 1983 claims against Bordelon and Lacroix should be dismissed because Plaintiff alleges "no more than a reasonable response by

Bordelon and Lacroix to a dangerous and unpredictable situation created by McKay." R. Doc. 34-1 at 5. With respect to Plaintiff's state law claims against Bordelon and Lacroix, Defendants argue that dismissal is proper because Plaintiff does not allege facts sufficient to demonstrate a breach of any duty Bordelon or Lacroix owed to McKay.[3] *Id.* at 12-13.

In her opposition brief, Plaintiff voluntarily dismisses her claims against Davis, Guillotte, Cooke, Rhodes, Lacoste, Miller, and Rice. Plaintiff then argues against dismissal of her remaining Fourteenth Amendment and state law negligence claims against Lacroix, Bordelon, Lacoste, and Cook. Plaintiff argues Lacroix and Bordelon knew McKay was suicidal and nonetheless allowed him to enter and remain in his home where Lacroix and Bordelon knew he had access to firearms. Plaintiff alleges this constitutes actual and subjective knowledge and deliberate indifference under the Fourteenth Amendment and negligence under state law. Plaintiff then argues Cook and Lacoste are liable for implementing the operational plan and argues, for the first time in her opposition to the instant motion, Cook and Lacoste are liable for failing to supervise their subordinates.

*I. Voluntary Dismissal*

As noted above, Plaintiff, in her opposition brief, voluntarily dismisses her claims against Davis, Guillotte, Rhodes, Miller, and Rice. Accordingly, these claims are dismissed with prejudice, and Defendants' motion, to the extent it seeks dismissal of these claims, is denied as moot. Plaintiff's remaining claims are Fourteenth Amendment and state law negligence claims against Cook, Lacoste, Lacroix, and Bordelon.

---

[3] Defendants also make arguments as to Plaintiff's purported claims arising under the Fourth and Eighth Amendments. But, as Plaintiff notes in her opposition brief, she does not raise such claims in her Amended Complaint.

*II. Plaintiff's Fourteenth Amendment Claims*

Under the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV. "[T]he Due Process Clause generally confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S. Ct. 998 (1989). The Supreme Court has recognized, however, that "when the State assumes certain custodial roles with respect to an individual, it creates a 'special relationship' that imparts to the State a limited duty to provide for that person's safety and general well-being." *M.D. by Stukenberg v. Abbott*, 907 F.3d 237, 249 (5th Cir. 2018) (quoting *id.* at 200, 109 S. Ct. 998). This "special relationship" exists between the State and suspected criminals injured in the course of being apprehended by the police.[4] *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 103 S. Ct. 2979 (1983). To that end, the Due Process Clause of the Fourteenth Amendment guarantees protection from unknown suicidal tendencies for individuals whose personal liberties have been restrained by the State. *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019) (internal citations omitted). To state a claim under the Fourteenth Amendment, the plaintiff must allege the defendant (1) actually, subjectively knew of a suicide risk; and (2) responded to that risk with deliberate indifference.

*A. Actual and Subjective Knowledge*

The first step of the qualified immunity inquiry requires Plaintiff to plead facts that Cook, Lacoste, Bordelon, and Lacroix had subjective knowledge of McKay's risk of suicide. *Hare v.*

[4] In her September 14, 2022 Order and Reasons, Chief Judge Brown determined although McKay had not yet been taken into custody, accepting the facts alleged as true, a reasonable factfinder could find there was a restraint on his personal liberty. R. Doc. 23 at 26. This Court agrees with the Chief Judge's finding.

*City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). In *Farmer v. Brennan*, the Supreme Court held an official cannot be found liable "unless the official knows of and disregards an excessive risk to [the individual's] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. 825, 837, 114 S. Ct. 1970 (1994).

In her Amended Complaint, Plaintiff specifically alleges Bordelon and Lacroix contemplated the risk that McKay might commit suicide, discussed his mental health struggles, and conceived a contingency plan to employ if McKay armed himself within the home. R. Doc. 30 at 4. Plaintiff further alleges Lacroix at the very least had subjective knowledge of McKay's suicidality when he seized two pistols from McKay in the closet during the incident. These allegations are sufficient, at the motion to dismiss stage, to plead a Fourteenth Amendment claim against Bordelon and Lacroix.

Plaintiff does not, however, allege any such facts with respect to Cook or Lacoste. The Fifth Circuit has held a plaintiff must clearly allege each individual defendant's actions violated a clearly established statutory or constitutional right of which a reasonable person should have known. *See Kelson v. Clerk*, 1 F.4th 411, 416 (5th Cir. 2021). The only factual assertions Plaintiff makes as to Cook and Lacoste is that they called an operational planning meeting on the morning of the incident and ordered Bordelon and Lacroix to clear the home before the search. *Id.* at 5. In her opposition to the instant motion, Plaintiff also argues Cook and Lacoste "are liable for implementing the operational plan and for wholly failing to supervise [their] subordinates." R. Doc. 38 at 7. Even if the Court were to consider this newly raised allegation, supervisory officials cannot be held liable under Section 1983 for the actions of subordinates on any theory of vicarious

or respondeat superior liability.[5] *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978). Other than the bare assertion that they called the operational planning meeting and ordered Bordelon and Lacroix to clear the home, Plaintiff offers no facts regarding the individual actions of Cook or Lacoste. For these reasons, Plaintiff has failed to overcome the defense of qualified immunity as to Cook or Lacoste, and Defendants' motion is granted as to these Defendants.

*B. Deliberate Indifference*

The second prong of the qualified immunity analysis requires Plaintiff to allege facts to support a finding that Bordelon and Lacroix were deliberately indifferent to McKay's risk of suicide. "Deliberate indifference cannot be inferred from a[n] official's mere failure to act reasonably, *i.e.*, it cannot be inferred from negligence alone." *Lawson v. Dall. Cnty.*, 286 F.3d 257, 262-63 (5th Cir. 2002). "Suicide is an objectively serious harm implicating the state's duty to provide adequate medical care." *Arenas v. Calhoun*, 922 F.3d 616, 621 (5th Cir. 2019). To show deliberate indifference, the plaintiffs must plead facts showing the defendant was aware of facts from which the inference could be drawn that a substantial suicide risk exists, and that the defendant drew the inference while effectively disregarding the risk. *Farmer*, 511 U.S. at 837, 114 S. Ct. 1970.

Considering the facts alleged in the Amended Complaint, the Court finds Plaintiff has alleged facts sufficient to successfully plead deliberate indifference. Plaintiff alleges Bordelon and Lacroix knew McKay was in and out of the hospital, posed a risk to officer safety, and could

[5] Courts do not consider factual allegations raised for the first time in a memorandum in opposition to a motion to dismiss, but will, from time to time, "construe the inclusion of new factual allegations as a motion for leave to amend the complaint under Rule 15." *McClaine v. Boeing Co.*, No. 11-CV-2447, 2013 WL 1155223, at *3 (E.D. La. Mar. 19, 2013) (internal citation omitted). The Court does not construe Plaintiff's additional allegation as a motion for leave to amend, and considers it only for the sake of argument.

attempt to arm himself in response to the news of being placed on administrative leave. Plaintiff specifically alleges Bordelon and Lacroix allowed "McKay to enter the house despite the fact that they knew he was suicidal and that he had guns in the house." R. Doc. 30 at 7. Plaintiff also alleges McKay made persistent attempts to arm himself with one of the many LSP-issued weapons in his home in the moments before his suicide. *Id.* at 7-8. Plaintiff further alleges Lacroix personally observed McKay attempt to arm himself with two firearms from his bedroom closet and seized the weapons from McKay over McKay's objections. *Id.* at 8. Plaintiff contends after Lacroix confiscated McKay's firearms, neither Bordelon nor Lacroix made any attempt to prevent McKay from rearming himself with other weapons he had in the home. *Id.* Plaintiff alleges facts that, if proven, establish Bordelon and Lacroix were aware of facts from which the inference could be drawn that a substantial suicide risk existed, and that Bordelon and Lacroix drew the inference while effectively disregarding that risk. *Farmer*, 511 U.S. at 837, 114 S. Ct. 1970; *see also Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021). For these reasons, the Court finds the Amended Complaint sufficiently states a Fourteenth Amendment claim against Bordelon and Lacroix, and Defendants' motion is denied as to these Defendants.

*III. Plaintiff's State Law Claims*

Plaintiff also argues Defendants' conduct constitutes negligence under Louisiana state law. Article 2315 of the Louisiana Civil Code establishes a general cause of action for negligence: "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE ART. 2315. In determining whether to impose liability under Article 2315, Louisiana courts employ a duty-risk analysis, whereby a plaintiff must establish the following five elements: "(1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant's conduct failed to conform to the appropriate standard; (3)

the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) the actual damages." *Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (quoting *Lemann v. Essen Lane Daiquiris*, 923 So.2d 627, 633 (La. 2006)); *Long v. State ex rel. Dep't of Transp. & Dev.*, 916 So.2d 87, 101 (La. 2005). "A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability." *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321 (La. 1994).

The Louisiana Supreme Court has recognized that "[g]enerally, a 'police officer has a duty to perform his function with due regard for the safety of all citizens who will be affected by his action,'" and found police officers are "held to choosing a course of action which is reasonable under the circumstances." *Hardy v. Bowie*, 744 So.2d 606, 614 (La. 1999) (internal citations omitted). Louisiana courts have also recognized that "[a] police officer owes a duty of reasonableness when executing a search warrant." *Hebert v. Adcock*, 55 So.3d 1007, 1013 (La. App. 3 Cir. 2011), *writ denied*, 62 So.3d 92.

In her Amended Complaint, Plaintiff alleges "Defendants owed a duty of reasonableness in executing the search warrant at issue, and that duty was breached. Indeed, the Defendants abandoned all care that was due under the circumstances." R. Doc. 30 at 8. In light of established jurisprudence, this Court finds Plaintiff plausibly alleges Defendants owed some duty to her and/or McKay. And, as the Court explained during the qualified immunity discussion, Plaintiff alleges facts sufficient to show Bordelon and Lacroix—who Plaintiff alleges knew McKay was in and out of the hospital, posed a risk to officer safety, and could attempt to arm himself in response to the news of being placed on administrative leave—did not act reasonably in executing the search warrant. Plaintiff's factual allegations regarding the execution of the warrant, however, refer

solely to actions undertaken by Bordelon and Lacroix.[6] *See id.* at 3-6. Plaintiff fails to allege any actions by Lacoste or Cook to show they breached any duty to McKay or Plaintiff. Plaintiff merely alleges Lacoste and Cook directed Bordelon and Lacroix to secure the home before the execution of the search warrant. R. Doc. 30 at 3. Plaintiff then alleges, for the first time in opposition to the instant motion, Lacoste and Cook "are liable for implementing the operational plan and for wholly failing to supervise [their] subordinates." R. Doc. 38 at 7. Plaintiff does not, however, present any factual allegations to support the conclusory assertion that Cook and Lacoste failed to properly supervise their subordinates. Therefore, Plaintiff fails to state a negligence claim against Lacoste or Cook, and Defendants' motion is granted with respect to these Defendants.

*IV. Additional Relief*

Plaintiff and Defendants seek additional relief outside of their respective requests to maintain and dismiss Plaintiff's claims. Defendants, in their motion, request attorney's fees under 28 U.S.C. § 1927 and 42 U.S.C. § 1988. Plaintiff, in her opposition brief, argues "Defendants' Motion seeking dismissal of the state claims is frivolous and warrants sanctions." R. Doc. 38 at 7. The Court will consider each request in turn.

*A. Defendants' Request for Attorney's Fees/Sanctions*

Section 1988 provides for attorney's fees in civil actions arising under Section 1983 if plaintiff's suit was 'frivolous, unreasonable or without any foundation.'" *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986) (quoting *Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 545 (5th Cir. 1978)); 42 U.S.C. § 1988. "While attorney's fees should be awarded to a prevailing

[6] Defendants' argument that Louisiana Revised Statute § 9:2798.1 bars the instant negligence claim has been consistently rejected by courts in Louisiana. *See Randle v. Tregre*, 147 F.Supp.3d 581, 594 (E.D. La. 2015). "[C]ourts have held that La. R.S. 9:2798.1 'does not protect against legal fault or negligent conduct at the operational level, but only confers immunity for policy decisions; i.e. decisions based on social, economic, or political concerns." *Id.*; *see also Lockett v. City of New Orleans*, 607 F.3d 992 (5th Cir. 2010); *Saine v. City of Scott*, 819 So. 2d 496 (La. App. 3 Cir. 2002).

plaintiff in all but special circumstances, . . . a court may award attorney's fees to a prevailing defendant under section 1988 only if it specifically finds that plaintiff's suit was 'frivolous, unreasonable or without any foundation.'" *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986) (quoting *Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 545 (5th Cir. 1978)). "[A] court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Offord v. Parker*, 456 F. App'x 472, 474 (5th Cir. 2012). To make this determination, courts may examine factors such as: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial. *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011).

The Court may also, under 28 U.S.C. § 1927, award attorney's fees or sanctions against "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "The adverbs being conjunction, sanctions under § 1927 must be predicated on actions that are both 'unreasonable' *and* 'vexatious.'" *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (citing *Travelers Ins. Co. v. St. Jude Hosp., Inc.*, 38 F.3d 1414, 1416-17 (5th Cir. 1994)). "This requires that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Id.* Sanctions under Section 1927 are to be "sparingly applied." *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 207 (5th Cir. 2023) (quoting *Laws. Title Ins. Co. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014)).

The Court finds Plaintiff's Amended Complaint lacked foundation as to her claims against Davis, Guillotte, Cook, Rhodes, Lacoste, Miller, and Rice, and while it is a close call in this instance, the Court declines to award attorney's fees under § 1988. Chief Judge Brown noted in her September 14, 2022 Order and Reasons that Plaintiff's Original Complaint was devoid of any

facts showing deliberate indifference as is required for a Fourteenth Amendment claim, and any allegations made regarding this claim were impermissibly conclusory. R. Doc. 23 at 27. Chief Judge Brown likewise found Plaintiff's "threadbare recital of Louisiana Civil Code articles [was] insufficient to state a claim [for negligence] upon which relief can be granted." *Id.* at 33. The Chief Judge ultimately dismissed without prejudice Plaintiff's Fourteenth Amendment and state law negligence claims and granted Plaintiff leave to file an amended complaint. Plaintiff filed her Amended Complaint on October 18, 2022, and although she refined her claims as to Lacroix and Bordelon, Plaintiff failed to add additional factual allegations or theories of liability as to Davis, Guillotte, Cook, Rhodes, Lacoste, Miller, or Rice.[7] Just as Plaintiff's Original Complaint lacked foundation as to Davis, Guillotte, Cook, Rhodes, Lacoste, Miller, and Rice, so too does Plaintiff's Amended Complaint. Plaintiff's lack of factual allegations as to these Defendants, despite an Order and Reasons detailing exactly how the allegations were insufficient and providing an opportunity to reallege the claims in an Amended Complaint, renders groundless and without foundation the claims raised against Davis, Guillotte, Cook, Rhodes, Lacoste, Miller, and Rice in Plaintiff's Amended Complaint.[8] Indeed, the factors expressed by the Fifth Circuit also weigh in favor of awarding attorney's fees. The Court has already concluded Plaintiff fails to plead facts

---

[7] As explained above, Plaintiff does raise the new allegation that Lacoste and Cook "are liable for implementing the operational plan and for wholly failing to supervise [their] subordinates." R. Doc. 38 at 7. This allegation was raised for the first time in Plaintiff's opposition brief, and as such, is irrelevant in determining whether Plaintiff's Amended Complaint raises allegations sufficient to state a foundation-less claim against Lacoste and Cook. *See McClaine*, 2013 WL 1155223, at *3 (internal citation omitted).

[8] Also going towards the lack of foundation of these claims is Plaintiff's voluntary dismissal of them in her opposition to the instant motion. This is not to say, of course, voluntary dismissal of claims in response to a dispositive motion renders those claims foundationless. In this case, however, Plaintiff raised certain claims against Davis, Guillotte, Rhodes, Miller, and Rice, was told the factual allegations supporting those claims were lacking, took the opportunity to reallege the claims in an Amended Complaint, but failed to add (or even amend in any meaningful way) factual allegations in support of the claims, and only then voluntarily dismissed the claims upon Defendants' attack on those claims. Under these particular facts, Plaintiff's voluntary dismissal of her claims against Davis, Guillotte, Rhodes, Miller, and Rice also goes towards the lack of foundation of these claims.

sufficient to establish a prima facie case against Davis, Guillotte, Cook, Rhodes, Lacoste, Miller, and Rice. Additionally, there is nothing in the record to indicate Defendants have offered to settle the case, and the Court has dismissed, not once but twice, Plaintiff's claims against Davis, Guillotte, Cook, Rhodes, Lacoste, Miller, and Rice. Based on the foregoing, the Court could arguably find Davis, Guillotte, Cook, Rhodes, Lacoste, Miller, and Rice are entitled to reasonable attorney's fees under 42 U.S.C. § 1988, but the Court declines to award attorney's fees. Plaintiff, however, is hereby on notice that serious consequences can arise from forcing Defendants to defend groundless claims.

The Court also finds it would be inappropriate to impose sanctions or attorney's fees under Section 1927. Defendants argue Plaintiff's "disregard for basic pleading requirements in a civil rights case . . . justifies the imposition of attorneys' fees." R. Doc. 34-1 at 14. Indeed, it is almost certainly unreasonable to file an Amended Complaint which, as explained above, does not alter in any meaningful way claims the Court previously ruled were insufficient to state a claim. The Court is not convinced, however, that it rises to the full measure of vexatious. Much more likely is that Plaintiff intended, and merely neglected, to omit Davis, Guillotte, Cook, Rhodes, Lacoste, Miller, and Rice from her Amended Complaint.[9] Sanctions under Section 1927 cannot, however, "be imposed for mere negligence." *Morrison v. Walker*, 939 F.3d 633, 638 (5th Cir. 2019). Without some indication Plaintiff's claims against Davis, Guillotte, Cook, Rhodes, Lacoste, Miller, and Rice were the result of something more sinister than negligence, the Court declines to exercise its discretion to impose sanctions under Section 1927. Nor does the Court find sanctions are appropriate for Plaintiff's claims against Lacoste or Cook. Although Plaintiff's claims as to these Defendants were ultimately unsuccessful, the Court does not find Plaintiff raised its claims

[9] This is supported by Plaintiff's decision to voluntarily dismiss these Defendants in response to Defendants' motion to dismiss.

in bad faith, improper motive, or reckless disregard of the duty owed to the court. *Edwards*, 153 F.3d at 246.

*B. Plaintiff's Request for Sanctions*

In her opposition, Plaintiff requests sanctions, and although she does not state under what authority she seeks these sanctions, the Court will assume the intended authority is Federal Rule of Civil Procedure 11. Rule 11 provides "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c). A motion for sanctions under Rule 11 must be filed separately from any other motion or document. FED. R. CIV. P. 11(c)(2); *Wells v. Youtube, LLC*, 2021 WL 2652966, at *5 (N.D. Tex. May 17, 2021). Plaintiff seeks sanctions in her opposition to Defendants' motion to dismiss, not a separate motion, and Plaintiff's request is, therefore, improperly before the Court. Even if Plaintiff's request was procedurally proper, however, the Court would still deny Plaintiff's request. Defendants' motion to dismiss is supported with proper citations to the record, does not contain implausible legal theories, and was ultimately granted as to two of the four remaining Defendants. The Court, therefore, declines to impose sanctions on Defendants.

## CONCLUSION

For the foregoing reasons**, IT IS ORDERED** Defendants' Motion to Dismiss for Failure to State a Claim Plaintiff's First Amended Complaint (Record Document 34) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion is **GRANTED** with respect to Plaintiff's claims against Cook and Lacoste, and these claims are **DISMISSED WITH PREJUDICE**. The Clerk's Office is directed to terminate Cook and Lacoste as Defendants in this matter. Defendants' motion is **DENIED** with respect to Plaintiff's claims against Bordelon and Lacroix.

To the extent Defendants seek dismissal of Plaintiff's against Davis, Guillotte, Rhodes, Miller, and Rice, Defendants' motion is **DENIED AS MOOT**. Given Plaintiff's voluntary dismissal, these claims are **DISMISSED WITH PREJUDICE**, and the Clerk's Office is directed to terminate Davis, Guillotte, Rhodes, Miller, and Rice as Defendants in this matter.

**IT IS FURTHER ORDERED** Defendants' request for attorney's fees under 42 U.S.C. 1988 is **DENIED**.

**IT IS FURTHER ORDERED** Defendants' request for attorney's fees and/or sanctions under 28 U.S.C. § 1927 is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's request for sanctions under Federal Rule of Civil Procedure 11 is **DENIED**.

**IT IS FURTHER ORDERED** Defendants' Motion to Stay Discovery and Related Deadlines Pending Resolution of Application of the Qualified Immunity Defense (Record Document 37) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 4th day of October 2023.

Darrel James Papillion

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**