## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRANDY MCKAY, INDIVIDUALLY,**      **CIVIL ACTION**
**AND ON BEHALF OF HER MINOR**
**CHILD, P.M.**

**VERSUS**      **NO. 21-2304**

**LAMAR DAVIS ET AL.**      **SECTION: "P" (3)**

### ORDER AND REASONS

Keeping with the district court's fundamental duty to examine jurisdiction at every stage of the litigation, this cause is before the Court *sua sponte* for consideration of dismissal pursuant to 28 U.S.C. § 1367(c). What began as multiple federal and state law claims against ten-plus defendants has been whittled down to a few state law claims against only two defendants. With stays, continuances, and an appeal, this case has been slow-moving. And now, another motion seeking to continue the trial and trial-related deadlines is pending before this Court. For the following reasons, Plaintiff's remaining federal law claims are dismissed; this Court declines to exercise supplemental jurisdiction over the remaining state law claims; and the joint motion for continuance is denied as moot.

### I.    FACTUAL BACKGROUND

This tragic case arises from a criminal investigation by Louisiana State Police ("LSP") into one of their own. In 2020, LSP Narcotics Division began investigating allegations that LSP senior trooper August McKay was using fraudulent prescriptions to obtain controlled dangerous substances from a local pharmacy in Franklinton, Louisiana,

the city where Trooper McKay resided with his wife and their minor daughter.[1] On December 30, 2020, LSP officials arrived at the McKay home to execute a search warrant as part of the investigation.[2] The situation then escalated quickly, culminating in Trooper McKay fatally shooting himself in the presence of his wife, their daughter, and their daughter's friend.[3] Nearly one year later, on December 15, 2021, Trooper McKay's wife filed this action against multiple LSP officials in the United States District Court for the Eastern District of Louisiana, individually, and on behalf of her and Trooper McKay's minor daughter.[4]

## II.    RELEVANT PROCEDURAL HISTORY

In her original complaint, Plaintiff alleged several federal constitutional claims under 42 U.S.C. § 1983 and several Louisiana state law tort claims against the following defendants: Colonel Lamar Davis, then-Superintendent of the LSP; Captain Heath Guillotte; Captain Brad Cook; Lieutenant Craig Rhodes; Lieutenant Chad Lacoste; Sergeant Heath Miller; Sergeant Rohn Bordelon; Sergeant Justin Rice; Trooper David LaCroix; and "Defendants, John Doe and Jane Doe 1–10."[5] Specifically, Plaintiff alleged violations of the Fourth, Eighth, and Fourteenth Amendments and state law claims for wrongful death, survival action, and negligence.[6] The Court possessed federal subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343(a)(3) and

---

[1] R. Doc. 30 ¶ 2.
[2] *See id.* ¶¶ 5, 12.
[3] *See id.* ¶¶ 12–22.
[4] R. Doc. 1.
[5] *See id.*
[6] *Id.* ¶¶ 37–44.

thus exercised supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

On February 10, 2022, the named defendants responded by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a motion for a more definite statement pursuant to Rule 12(e), wherein, in addition to other arguments, they asserted qualified immunity.[7] Then-Chief Judge Nanette Brown[8] granted the motion as to Plaintiff's § 1983 claim for alleged violations of the Eighth Amendment, but otherwise denied the motion, granting Plaintiff leave to amend her complaint.[9] Therefore, the claim alleging violations of the Eighth Amendment was dismissed as to all defendants.

On October 18, 2022, Plaintiff filed a first amended complaint, limiting her claims to the Fourteenth Amendment and the same state laws asserted in the original complaint against Defendants Cook, Lacoste, Lacroix, and Bordelon only.[10] Plaintiff also added a claim for vicarious liability under Louisiana law.[11] In response, Defendants again filed a Rule 12(b)(6) motion to dismiss and asserted qualified immunity.[12] Approximately two months later, Defendants also filed a motion to stay discovery and related deadlines

---

[7] R. Docs. 12, 12-1 at 13–18.
[8] This case was initially assigned to then-Chief Judge Nanette Brown. R. Doc. 2.
[9] R. Doc. 23 at 33–34.
[10] R. Doc. 30. Despite "adopt[ing] and incorporat[ing] by reference the entirety of [her] Original Complaint as if copied *in extenso* pursuant to Fed. R. Civ. P. 10(c)[,]" it appears that Plaintiff intended to voluntarily dismiss her Fourth Amendment claim. *Id.* at n.1; R. Doc. 38 at 4 ("To be clear, the Plaintiffs are no longer asserting any claims under the Eighth or Fourth Amendments to the U.S. Constitution. Further, Plaintiffs dismiss all of the Defendants with the exception of CAPTAIN BRAD COOK, LIEUTENANT CHAD LACOSTE, TROOPER DAVID LACROIX, and SERGEANT ROHN BORDELON.").
[11] R. Doc. 30 ¶ 29.
[12] R. Doc. 34.

pending resolution of the qualified immunity defense, to which Plaintiff opposed.[13] On June 9, 2023, the case was transferred from then-Chief Judge Brown to this district judge upon his taking the bench.[14]

Then, on October 4, 2023, this Court issued an order and reasons and judgment, granting in part and denying in part Defendants' motion to dismiss the first amended complaint.[15] Noting that Plaintiff had voluntarily dismissed some of her claims and some of the defendants, this Court granted the dismissals, so that only the § 1983 Fourteenth Amendment claim and state law claims remained against the four remaining defendants, Bordelon, LaCroix, Cook, and Lacoste.[16] This Court ultimately dismissed the § 1983 and negligence claims against Cook and Lacoste but denied the motion as to Bordelon and LaCroix.[17] Bordelon and LaCroix then sought interlocutory review of this Court's order denying the motion to dismiss, seeking dismissal of the § 1983 claims and Louisiana state law claims.[18] The case was stayed as a result.[19] On October 15, 2024, the United States Court of Appeals for the Fifth Circuit dismissed without prejudice the appeal of the state law claims; reversed this Court's judgment as to the qualified immunity claim, finding that Bordelon and LaCroix were entitled to qualified immunity; and remanded the matter to this Court for further proceedings consistent with its opinion.[20] On August 14, 2025, the

---

[13] R. Docs. 37, 39.
[14] R. Doc. 49.
[15] R. Docs. 53, 54.
[16] R. Doc. 53 at 6, 16–17.
[17] *Id.* at 16.
[18] R. Doc. 61.
[19] R. Doc. 62.
[20] R. Doc. 67.

now-remaining defendants, Bordelon and LaCroix, filed an answer to the first amended complaint, acknowledging that only state law claims remain since the Fifth Circuit's reversal.[21]

Notably, throughout this years-long procedural history, the trial and trial-related deadlines were continued several times[22] and several motions extending the time to plead were granted.[23] Now the parties have filed another joint motion to continue the trial date and pre-trial deadlines (R. Doc. 81), seeking a four- to six-month continuance of the pre-trial conference and trial dates and of all pre-trial deadlines set forth in the Amended Scheduling Order (R. Doc. 73).

## III.    LEGAL STANDARD

Title 28 United States Code Section 1367 grants federal district courts, which are courts of limited jurisdiction, supplemental jurisdiction over state law claims that "form part of the same case or controversy" as the claims over which the district court has original jurisdiction.[24] But this same conferrer of jurisdiction allows a district court to decline the exercise of supplemental jurisdiction in certain circumstances when exercising supplemental jurisdiction may be imprudent.[25] Section 1367(c) outlines these circumstances, one of which is when "the district court has dismissed all claims over which

---

[21] R. Doc. 75 ¶¶ 6–7.
[22] R. Docs. 27, 46, 71.
[23] R. Docs. 26, 32, 57.
[24] *See* 28 U.S.C. § 1367(a); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 547 (2005) ("Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which district courts would have original jurisdiction.").
[25] *See* 28 U.S.C. § 1367(c).

it has original jurisdiction[.]"[26] In such a situation, where "all federal claims have been eliminated[,]" the "district court has 'wide discretion' in deciding whether to retain jurisdiction over state law claims . . . ."[27] Indeed, in the Fifth Circuit, the "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."[28] But that rule is "neither mandatory nor absolute," and the district court must "analyze the statutory and common law factors that are relevant to the question of its jurisdiction over pendent state law claims."[29]

The relevant statutory factors are those circumstances found in section 1367(c), including "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction."[30] "The common law factors . . .

---

[26] *Id.* § 1367(c)(3).

[27] *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (citing *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999)).

[28] *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

[29] *Enochs*, 641 F.3d at 160, 161.

[30] *Francis v. Louisiana*, No. CV 21-706, 2022 WL 1134935, at *2 (E.D. La. Apr. 18, 2022) (Vance, J.) (quoting *Enochs*, 641 F.3d at 158–59 (citing 28 U.S.C. § 1367(c))).

include judicial economy, convenience, fairness, and comity."[31] "These interests are to be considered on a case-by-case basis, and no single factor is dispositive."[32]

## IV.    DISCUSSION

"Courts are instructed to examine their jurisdiction 'at every stage of the litigation.'"[33] Despite the number of years this action has been pending, the case is barely out of the Rule 12(b) stage, and the remaining defendants, Bordelon and LaCroix, have only recently filed their answer to Plaintiff's first amended complaint. At this new stage, only state law claims remain, so as Defendants acknowledge in their answer, this Court no longer has federal subject matter jurisdiction—only supplemental. Thus, this Court must decide whether to exercise supplemental jurisdiction over the remaining claims.[34] And as discussed below, this Court finds that the statutory and common law factors weigh in favor of dismissal.

### a.  Statutory Factors

This Court first considers the statutory factors, starting with whether this case presents novel or complex issues of state law. Plaintiff's remaining tort claims may not be

---

[31] *Enochs*, 641 F.3d at 159.

[32] *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *Parker & Parsley Petroleum Co.*, 972 F.2d at 587).

[33] *Enochs*, 641 F.3d at 161 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966)).

[34] Just as a district court may abuse its discretion in improvidently dismissing state law claims over which it has supplemental jurisdiction, a district court may also abuse its discretion in exercising supplemental jurisdiction to retain state law claims that should have been dismissed given the balance of the statutory and common law factors. *See, e.g.*, *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 586–92 (5th Cir. 1992) (concluding that district court abused its discretion in retaining jurisdiction over state law claims after it had dismissed the federal claims where the four common law factors favored dismissal); *Enochs*, 641 F.3d at 159–61 ("The mistake which led the district court to abuse its discretion was in failing to reconsider its jurisdiction over the Texas state law claims as of the moment it granted Enoch's motion to file an amended complaint deleting all federal claims from the case.").

novel or complex issues of state law, but some of Defendants' affirmative defenses, such as state law discretionary immunity[35] and state statutory limitation of liability,[36] raise issues of state importance that are not as straightforward.[37] In fact, recent prior decisions from this district, though not precedential, have declined to exercise supplemental jurisdiction in cases involving state law immunity where no federal law claims remain.[38] Therefore, this factor, however slightly, weighs in favor of dismissal.

The second and third statutory factors collapse into each other and heavily weigh in favor of dismissal.[39]  Because all federal claims have been dismissed (the third factor), the

---

[35] R. Doc. 75 at 19 (asserting, as the Nineteenth Affirmative Defense, discretionary immunity pursuant to La. R.S. § 9:2798.1, which provides immunity for public entities and their employees for discretionary functions).

[36] R. Doc. 75 at 18 (asserting, as the Eighteenth Affirmative Defense, statutory limitation of liability contained in La. R.S. §§ 13:5106 and 13:5112).

[37] *See Francis v. Louisiana*, No. CV 21-706, 2022 WL 1134935, at *3 (E.D. La. Apr. 18, 2022) (Vance, J.); *E.H. by & Through Abron v. Barrilleaux*, 519 F. Supp. 3d 328, 342 (E.D. La. 2021) (Vitter, J.).

[38] *See Francis*, 2022 WL 1134935, at *3 (finding that state law immunity defenses, "which involve interpretations of state law and issues of state importance," weigh in favor of remand); *Barrilleaux*, 519 F. Supp. 3d at 342 (declining to exercise supplemental jurisdiction over remaining state law claims because they "involve[d] complex issues of state law, including the determination of whether [defendants] are entitled to qualified immunity under a Louisiana state statute").

[39] *See Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) ("Considering the second and third factors, our analysis above affirms the trial court's dismissal of the only federal claims alleged. Thus, the state law claims now predominate over the nonexistent federal claims.").

state law claims wholly predominate over the non-existent federal law claims (the second factor). Therefore, the balance of the statutory factors weighs in favor of dismissal.

### b.  Common Law Factors

Because of the length of time this suit has been pending, the common law factors are not as plain sailing as the statutory factors, yet they too weigh in favor of dismissal.

### i.  Judicial Economy

First, despite the age of this case, judicial economy would not be served by retaining jurisdiction over the remaining state law claims. Although this action has been pending in this district for over four years, the length of time the action has been pending is not indicative of its progress. Trial and discovery deadlines have been continued, on the parties' request, three times (with another motion for a continuance pending)[40]; at one point, discovery was unofficially stayed for five months pending a motion to stay discovery and trial-related deadlines[41]; and at another point, the case was stayed for one year pending appeal.[42] At four years in, the remaining defendants have only recently filed their answer,[43] and the first discovery deadline has only recently lapsed.[44] Trial is currently seven months away and, if the pending continuance is granted, could be as much as over a year away.[45]

---

[40] R. Docs. 27, 46, 71, 81.
[41] R. Doc. 46 at 1 ("The parties maintain that discovery has not advanced in this matter because Defendants filed a 'Motion to Stay Discovery and Related Deadlines Pending Resolution of Application of the Qualified Immunity Defense' pursuant to the Fifth Circuit's recent decision in *Carswell v. Camp*.").
[42] R. Doc. 62.
[43] R. Doc. 75 (filed August 14, 2025).
[44] R. Doc. 73 at 1. The first discovery deadline was January 2, 2026. *Id.*
[45] Trial is currently set for July 13, 2026. *Id.* at 4.

Moreso, discovery is ongoing, and even appears to still be in the early stages, as indicated by the pending motion for continuance.[46]

Accordingly, the docket is primarily comprised of non-dispositive motions and orders.[47] The most that can be said for retaining jurisdiction at this stage in the case, besides the length of time the case has been pending, is that the district court has decided two dispositive motions.[48] But these motions (which were decided by two different judges in this district) were Rule 12(b) motions and did not involve the state law affirmative defenses that were pled *after* the ruling on the latest Rule 12(b) motion. Thus, excluding time spent on routine non-dispositive motions, the only time and resources the district court has spent on this case has concerned early-stage pleadings.[49]

Where the Fifth Circuit has found the case's age to be a factor favoring retention of the case, multiple other factors—such as completion of discovery, number of pleadings filed, trial-readiness and proximity of trial, and existence of substantive motions—also

---

[46] R. Doc. 81 at 1. As of three weeks ago, it appears that only written discovery had been exchanged, initial disclosures were still being updated, and subpoenas had been issued. *Id. See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992) (finding "judicial economy would have been better served by dismissal" where the trial "was still a few weeks away; and discovery had not been completed").

[47] *Cf. Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (finding that district court did not abuse its discretion in declining to remand when the lawsuit had been in litigation for more than two years and, among other factors, the parties had already filed more than 300 pleadings).

[48] *See, e.g.*, *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 228 (5th Cir. 1999) (concluding that district court erred by declining to exercise supplemental jurisdiction when, in addition to other factors, the case required significant consideration by the district court of multiple motions to dismiss claims or grant summary judgment).

[49] *Cf. Smith v. Amedisys Inc.*, 298 F.3d 434, 446 (5th Cir. 2002) (concluding that trial court did not abuse its discretion in exercising supplemental jurisdiction over remaining state law claims when, among other factors, the trial court had "devoted many hours to reviewing [the parties'] memoranda, the attached exhibits and the record in this case; researching legal issues involved; and reaching the decisions" in its comprehensive summary judgment ruling).

favored retention.[50] But in those other cases, the age of the case accurately reflected its development, as evidenced by the subject factors favoring retention.[51] Here, the age of the case is deceptive where none of those subject factors are present.[52]

Instead, "whittled to a few remaining state claims" after two motions to dismiss and a stay pending an interlocutory appeal, this case "has 'only recently "restarted"' and 'trial is not imminent.'"[53] Therefore, despite the length of time the case has been pending, there is little indication that this district judge has "substantial familiarity with the merits of the

---

[50] *See, e.g., Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 307–08 (5th Cir. 1991) (holding that district court abused its discretion in declining to exercise supplemental jurisdiction "on the eve of trial" after four years of litigation produced 23 volumes and thousands of pages of record, the preparation of a pretrial order exceeding 200 pages, over 100 depositions, and nearly two hundred thousand pages of discovery production); *Batiste*, 179 F.3d at 228 (concluding that district court abused its discretion in declining to exercise supplemental jurisdiction when the case, which had been pending for almost three years, produced more than 16 volumes of record, numerous depositions and discovery disputes, and significant consideration by the district court of multiple motions to dismiss or grant summary judgment). *Cf. Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008) (finding that district court did not abuse its discretion in retaining jurisdiction over state law claims where the case had been pending for well over a year, the discovery deadline had passed, and the parties had fully briefed the defendants' motion for summary judgment); *Doddy*, 101 F.3d at 456 (finding that district court did not abuse its discretion in declining to remand when the lawsuit had been in litigation for more than two years; the trial date was less than a month away; the parties had filed more than 300 pleadings; most of the parties had already prepared extensive discovery disclosures; and summary judgment motions on behalf of many of the remaining defendants were pending); *Amedisys Inc.*, 298 F.3d at 446 (concluding that trial court did not abuse its discretion in exercising supplemental jurisdiction over remaining state law claims where the case had been pending for almost three years; the parties had taken numerous depositions; and the matter had progressed to the advanced stages of litigation with little left to do before trial).

[51] *Supra* note 51.

[52] *See Waste Sys., Inc. v. Clean Land Air Water Corp.*, 683 F.2d 927, 931 (5th Cir. 1982) (finding that "[i]nterests of judicial efficiency and economy would not be advanced by exercising supplemental jurisdiction, where the "action [was] still in its infancy, however long it ha[d] in fact been pending; no trial has taken place, any discovery could be utilized in a state court proceeding, and the action present[ed] technical questions of Louisiana law that [were], of course, most appropriate for resolution by a Louisiana state court judge").

[53] *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rough Par.*, 373 F. App'x 438, 443 (5th Cir. 2010) (per curiam) (quoting the district court).

case" warranting exercise of supplemental jurisdiction in the interests of judicial economy.[54]

### ii. Convenience

Second, dismissal will likely not cause undue inconvenience to the litigants.[55] Concretely speaking, the location of the Twenty-Second Judicial District Court for the Parish of Washington, located in Franklinton, Louisiana, compared to the location of this Court, located in New Orleans, Louisiana, is likely neutral, if not slightly in favor of dismissal, as the shooting and surrounding events occurred in Franklinton, Louisiana.[56] Further, little additional legal research would be necessary in state court, as the surviving claims are governed by state law, in either forum.[57] And not only is much discovery left to be completed, largely eliminating the risk of duplicative costs, the discovery that has been conducted is probably mostly usable in the state proceeding.[58]

### iii. Fairness

Third, and similarly, the parties will likely not be unduly prejudiced by dismissal. As already stated, with only some of discovery already completed, and much of that being only written discovery, parties will not have to repeat much of the effort and expense of

---

[54] *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992).

[55] *Id.*

[56] *See Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 749 (5th Cir. 2014) (per curiam) (comparing locations of federal and state courthouses when balancing common law factors).

[57] *Parker & Parsley Petroleum Co.*, 972 F.2d at 588.

[58] *Id.*; *see Moak v. Illinois Cent. R. Co.*, 631 So. 2d 401, 406 (La. 1994), *holding modified by Wolford v. JoEllen Smith Psychiatric Hosp.*, 96-2460 (La. 5/20/97), 693 So. 2d 1164 (describing, in dicta, that "the basic objectives of the Louisiana discovery process are to allow parties to obtain pertinent facts, to discover true facts and to compel their disclosure, to assist in trial preparation, to narrow and clarify the issues, and to encourage settlement or abandonment of claims lacking merit" so "any relevant information, not privileged, whether or not admissible at trial, whether documents or tangible things, is discoverable").

the discovery process.[59] Further, under Louisiana law, not only is prescription interrupted while the supplemental-jurisdiction claims are pending in federal court, but "if a suit is involuntarily dismissed without prejudice, the entire prescriptive period begins to run anew from the date of that dismissal."[60] Thus, Plaintiff will have the same amount of time to file her state suit as she had to file her federal suit. Additionally, "allowing Louisiana courts to rule on Louisiana law encourages fairness between the parties 'by procuring them a surer-footed reading of applicable law.'"[61]

### iv. Comity

Finally, comity considerations only further favor dismissal. "The federal courts are courts of limited jurisdiction, and often are not as well equipped for determinations of state law as are state courts."[62] "Additionally, Louisiana has a significant interest in resolving issues of state law that involve claims against its State Troopers . . . ."[63] Therefore, "[d]eclining supplemental jurisdiction is appropriate where, as here, a state court is better positioned to determine the application of its own state statute[s]."[64]

---

[59] *Parker & Parsley Petroleum Co.*, 972 F.2d at 588.

[60] *Henry v. Sw. Airlines*, 23-522 (La. App. 5 Cir. 7/31/24), 392 So. 3d 1176, 1182, *writ denied*, 2024-1081 (La. 11/20/24), 396 So. 3d 68 (citing Louisiana appellate court cases and a Louisiana Supreme Court case); *see also Artis v. D.C.*, 583 U.S. 71, 88 (2018) (explaining that in some cases, the state-law tolling period "undoubtedly will" be longer than § 1367(d)'s 30-day grace period, like Louisiana, which "provides that after dismissal the limitations period 'run anews'" (citing La. Civ. Code Ann. arts. 3462, 3466 (West 2007))).

[61] *Watt v. New Orleans City*, 647 F. Supp. 3d 496, 507 (E.D. La. 2022), *aff'd*, No. 23-30050, 2023 WL 6807033 (5th Cir. Oct. 16, 2023) (citing *Fountain v. New Orleans City*, No. CV 18-145, 2018 WL 3475375, at *2 (E.D. La. July 19, 2018) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))).

[62] *Parker & Parsley Petroleum Co.*, 972 F.2d at 588–89 (internal citation omitted).

[63] *Francis v. Louisiana*, No. CV 21-706, 2022 WL 1134935, at *4 (E.D. La. Apr. 18, 2022) (Vance, J.).

[64] *E.H. by & Through Abron v. Barrilleaux*, 519 F. Supp. 3d 328, 342 (E.D. La. 2021) (Vitter, J.).

## V.    CONCLUSION

In light of the opinion issued by the United States Court of Appeals for the Fifth Circuit in this case, **IT IS ORDERED** that Plaintiff's Fourteenth Amendment claims against the remaining defendants, Sergeant Rohn Bordelon and Trooper David LaCroix, are **DISMISSED WITH PREJUDICE**.

In light of the opinion issued by the United States Court of Appeals for the Fifth Circuit in this case, and Plaintiff's attempt at voluntary dismissal,[65] **IT IS FURTHER ORDERED** that the Fourth Amendment claims against any remaining defendants are **DISMISSED WITH PREJUDICE**.

For the reasons outlined above, **IT IS FURTHER ORDERED** that Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE,** with each party to bear its own attorneys' fees, costs, and expenses. Pursuant to 28 U.S.C. § 1367(d), Plaintiff shall have the applicable time period under Louisiana law to file her remaining claims in state court, if she so chooses.

Accordingly, **IT IS FURTHER ORDERED** that the Joint Motion to Continue Trial Date and Pre-Trial Deadlines (R. Doc. 81) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 8th day of January 2026.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[65] Although the plaintiff's deleting claims may indicate forum manipulation, which the Fifth Circuit instructs courts to guard against, this Court does not find Plaintiff engaged in forum manipulation, when she originally filed in federal court and only voluntarily dismissed one federal claim, leaving another federal claim in the case. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159–60 (5th Cir. 2011).